**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

BARBARA BURDICK,

        Plaintiff,

v.

PENN CREDIT CORPORATION, a Pennsylvania corporation,

        Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

### PARTIES

7.      Plaintiff Barbara Burdick is a natural person.

8.     The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9.     The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.    The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.    Defendant Penn Credit Corporation, is a Pennsylvania corporation operating from an address at 916 S. 14th Street, Harrisburg, Pennsylvania, 17104.

12.    The Defendant's registered agent in the state of Colorado is Irvin A. Borenstein, Esq., 13111 E. Briarwood Avenue, Suite 340, Centennial, Colorado, 80112.

13.    The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.    The Defendant is licensed as a collection agency by the state of Colorado.

15.    The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.    The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.    The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18.   Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Publishers Clearinghouse (hereinafter the "Account").

19.   The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with Publishers Clearinghouse.

21.   The Account was placed or otherwise transferred to the Defendant for collection after it went into default.

22.   The Plaintiff disputes the Account.

23.   The Plaintiff requests that the Defendant cease all further communication on the Account.

24.   The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25.   The Defendant acted at all times mentioned herein through its employee(s).

26.   In 2014 the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

27.   In February 2014 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its employee(s).

28.   During the telephone conversation(s) in February 2014 between the Defendant and the Plaintiff regarding the Account the Defendant via its

employee located the Account and stated the name of the original creditor on the Account and the balance due on the Account.

29.     During the telephone conversation(s) in February 2014 between the Plaintiff and the Defendant regarding the Account the Defendant while attempting to collect the Account represented to the Plaintiff that to dispute the Account with the Defendant she had to send in a letter of dispute to the Defendant, that she had to have a reason to dispute the Account, that just saying that she disputes the Account is not good enough and that she could not dispute the Account over the telephone.

30.     The Defendant's representations stated in paragraph 29 were false and were false representations in connection with the collection of a debt, the Account.

31.     In response to Defendant's false representations stated in paragraph 29 the Plaintiff sent the Defendant a written dispute letter regarding the Account via first class US mail in February 2014.

32.     The Defendant received the Plaintiff's dispute letter regarding the Account in March 2014.

33.     The telephone conversation(s) in February 2014 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

34.   The telephone conversation(s) in February 2014 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

35.   On information and belief the Defendant made a audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff in February 2014.

36.   On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in February 2014.

37.   On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2014.

38.   On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2014.

39.   On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2014.

40.   On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2014.

41.   On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2014 substantiate the Plaintiff's allegations in this action.

42.     The Defendant's statement(s) and/or action(s) constitute false and/or misleading representation(s) and mean(s) and violate FDCPA 1692e preface and e(10).

43.     The Defendant's statement(s) and/or action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

44.     "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

45.     "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

46.     As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

47.     The previous paragraphs are incorporated into this Count by reference.

48.     The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(10) and § 1692f preface.

49.     Pursuant to FDCPA § 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.      Judgment in favor of the Plaintiff and against the Defendant.

2.      Damages pursuant to 15 U.S.C. § 1692k(a).

3.      Costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.      Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

5.      Post Judgment Interest.

Respectfully submitted,

_s/ David M. Larson                     _____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff